UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

IN RE: Sammie Lee Fisher, Jr.,

DEBTOR(S)

Address: 443 Melbourne Lane, Spartanburg, SC 29301

Last four digits of Social-Security or Individual Tax-Payer-Identification (ITIN) No(s)., (if any): xxx-xx-3322

CASE NO: 18-02259

CHAPTER 13

## CONSENT ORDER APPROVING MORTGAGE MODIFICATION

This matter comes before the court upon the Motion of the Debtor for approval of the mortgage modification agreement between the Debtor and Rushmore Loan Management Services, LLC, a copy of which is attached hereto and made a part hereof. Said mortgage modification was contemplated by this Court's Settlement Order on Motion for Relief from Automatic Stay between the parties. With the consent of Rushmore Loan Management Services, LLC, and it appearing that good cause exists therefor, it is

ORDERED that the mortgage modification agreement between the Debtor and Freedom Mortgage Corporation shall be, and it hereby is, approved.

I SO MOVE:

I CONSENT:

Rushmore Loan Management Services, LLC

/s/ Däna Wilkinson
Däna Wilkinson #4663
Attorney for Debtor
365-C East Blackstock Road
Spartanburg, SC 29301
864-574-7944
864-574-7531 Facsimile

By: **Brian Gaske**                11/21/22
Its: _____ Assistant Vice President _____

**After Recording Return To:**
**Rushmore Loan Management Services**
**LLC**
**ATTN: Collateral Dept.**
**8616 Freeport Parkway, Suite 100**
**Irving, TX 75063**

**This Document Prepared By:**
**TIM LIGHTFOOT**
**Rushmore Loan Management Services**
**LLC**
**8616 Freeport Parkway, Suite 100**
**Irving, TX 75063**

Parcel ID Number: **6 17-16 087.00**

_____[Space Above This Line For Recording Data] _____

Loan No: **4402930344**
FHA Case No.: **461-5880031-703**

# PARTIAL CLAIM MORTGAGE

THIS PARTIAL CLAIM MORTGAGE ("Security Instrument") is given this **30th** day of **August, 2022**. The Mortgagor is **SAMMIE LEE FISHER JR**, whose address is **443 MELBOURNE LANE, SPARTANBURG, SC 29301** ("Borrower"). This Security Instrument is given to **the Secretary of Housing and Urban Development**, whose address is **451 Seventh Street SW, Washington, DC 20410** (herein "Lender"). Borrower owes Lender the principal sum of **TWENTY ONE THOUSAND NINE HUNDRED THIRTY AND 12/100** Dollars (U.S. **$21,930.12**). This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for the full debt, if not paid earlier, due and payable on **October 1, 2043**.

This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, with interest, advanced under Paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to Lender and Lender's successors and assigns with power of sale, the following described property located in the County of **SPARTANBURG**, State of **SOUTH CAROLINA**:

**See Exhibit "A" attached hereto and made a part hereof;**

which has the address of **443 MELBOURNE LANE, SPARTANBURG, SC 29301** ("Property Address");

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and



South Carolina Partial Claim Mortgage
316 8363 11/12



*(page 1 of 4)*

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument.

_____   Date: 9/12/22

**SAMMIE LEE FISHER JR**  -Borrower

_____ -Witness     _____ Witness
(Signature of Witness)                     (Signature of Witness)

Dena Wilkinson                             Annette Haynie
(Print Name of Witness)                    (Print Name of Witness)


_____ [Space Below This Line For Acknowledgments] _____

State of South Carolina

County of Spartanburg

On this 12 day of September, 20 22 before me, a Notary Public personally appeared **SAMMIE LEE FISHER JR** who provided satisfactory evidence of his/her identification to be the person whose name is subscribed to this instrument, and he/she acknowledged that he/she executed the foregoing instrument.

Karen Annette Haynie
(Signature of Notary Public)

Karen Annette Haynie
(Printed Name of Notary Public)

Spartanburg County, South Carolina

My commission expires : 11/16/31






# Exhibit "A"

Loan Number: **4402930344**

Property Address: **443 MELBOURNE LANE, SPARTANBURG, SC 29301**

Legal Description:

ALL THAT CERTAIN PIECE, PARCEL OR LOT OF LAND SITUATE, LYING AND BEING IN THE COUNTY OF SPARTANBURG IN THE STATE OF SOUTH CAROLINA BEING SHOWN AND DESIGNATED AS LOT NO. 39 ON A PLAT OF WESTGATE PLANTATION, RECORDED IN THE OFFICE OF THE REGISTER OF DEEDS FOR SPARTANBURG COUNTY, SOUTH CAROLINA IN PLAT BOOK 156 AT PAGE 455; REFERENCE TO SAID PLAT BEING HEREBY CRAVED FOR A MORE PARTICULAR METES AND BOUND DESCRIPTION THEREOF.

## <u>Derivation Clause:</u>

The instrument constituting the source of **SAMMIE LEE FISHER, JR**'s interest in the foregoing described Property was a Deed, from **FANNIE MAE A/K/A FEDERAL NATIONAL MORTGAGE ASSOCIATION**, Grantor, to **SAMMIE LEE FISHER, JR**, Grantee, recorded on 12/02/2013 at Book 104, Page 973 under Instrument No. 2013-55136 in the Register's Office of SPARTANBURG County, SC.



316 12338 06/18 Exhibit A Legal Description Attachment



Page 1 of 1

has the right to grant and convey the Property, and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

**1.    Payment of Principal.** Borrower shall pay when due the principal of the debt evidenced by the Note.

**2.    Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time of payment of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

**3.    Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the term of this Security Instrument or the Note without that Borrower's consent.

**4.    Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless Applicable Law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to: **Department of Housing and Urban Development, Attention: Single Family Notes Branch, 451 Seventh Street SW, Washington, DC 20410** or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**5.    Governing Law; Severability.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

**6.    Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

NON-UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

**7.    Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument. The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in**



South Carolina Partial Claim Mortgage
316 8363 11/12

acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the non-existence of a default or any other defense of Borrower to acceleration and foreclosure. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this Security Instrument by judicial proceeding. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 7, including, but not limited to, reasonable attorneys' fees and costs of title evidence, all of which shall be additional sums secured by this Security Instrument.

If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under Paragraph 4 of the Promissory Note, the Secretary may invoke the non-judicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. 3751 *et seq.* ) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided by the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to Lender under this paragraph or applicable law.

8.      **Release.** Upon payment of all sums secured by this Security Instrument, this Security Instrument shall become null and void. Lender shall release this Security Instrument. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

9.      **Homestead Waiver.** Borrower waives all rights of homestead exemption in the Property to the extent allowed by Applicable Law.

10.     **Waiver of Appraisal Rights.** The laws of South Carolina provide that in any real estate foreclosure proceeding a defendant against whom a personal judgment is taken or asked may within 30 days after the sale of the mortgaged property apply to the court for an order of appraisal. The statutory appraisal value as approved by the court would be substituted for the high bid and may decrease the amount of any deficiency owing in connection with the transaction. TO THE EXTENT PERMITTED BY LAW, THE UNDERSIGNED HEREBY WAIVES AND RELINQUISHES THE STATUTORY APPRAISAL RIGHTS WHICH MEANS THE HIGH BID AT THE JUDICIAL FORECLOSURE SALE WILL BE APPLIED TO THE DEBT REGARDLESS OF ANY APPRAISED VALUE OF THE MORTGAGED. PROPERTY. This waiver shall not apply so long as the Property is used as a dwelling place as defined in Sec. 12-37-250 of the South Carolina Code of Laws.

11.     **Bankruptcy Discharge.** If Borrower, subsequent to **August 30, 2022**, receives discharge in a Chapter 7 bankruptcy, and there is no valid reaffirmation agreement of the underlying debt, Lender will not attempt to re-establish any personal liability for the underlying debt.



South Carolina Partial Claim Mortgage
316 8363 11/12



*(page 3 of 4)*

# ERRORS AND OMISSIONS/COMPLIANCE AGREEMENT

Loan Number: **4402930344**                                                    Date: **September 01, 2022**

Borrower(s):   **SAMMIE LEE FISHER JR**

Property Address:     **443 MELBOURNE LANE, SPARTANBURG, SC 29301**

Lender:   **Owner, U.S. Bank National Association, not in its individual capacity but solely as trustee for RMTP Trust, Series 2021 Cottage-TT-V and through Rushmore Loan Management Services LLC**

In consideration of **Owner, U.S. Bank National Association, not in its individual capacity but solely as trustee for RMTP Trust, Series 2021 Cottage-TT-V and through Rushmore Loan Management Services LLC** (the "Lender") agreeing to modify the referenced loan (the "Loan") to the Borrower, the Borrower agrees that if requested by the Lender, the Borrower will correct, or cooperate in the correction of, any clerical errors made in any document or agreement entered into in connection with the modification of the Loan, if deemed necessary or desirable in the reasonable discretion of the Lender, to enable Lender to sell, convey, seek guaranty or market the Loan to any entity, including without limitation, the Federal National Mortgage Association, the Federal Home Loan Mortgage Corporation, the Government National Mortgage Association, the Federal Housing Authority, the Department of Veterans Affairs, or any municipal bonding authority.

The Borrower agrees to comply with all such requests made by the Lender within 30 days of receipt of written request from the Lender. Borrower agrees to assume all costs that may be incurred by the Lender, including without limitation, actual expenses, legal fees and marketing losses. Borrower's failure to comply with all such requests within such 30 day time period will result in the Lender adjusting the modified terms without the borrower's consent.

The Borrower makes this agreement in order to assure that the documents and agreements executed in connection with the modification of the Loan will conform to and be acceptable in the marketplace in the event the Loan is transferred, conveyed, guaranteed or marketed by the Lender.

_____        Date: \_\_9/12/82_____

**SAMMIE LEE FISHER JR** -Borrower

Loan No. **4402930344**

FHA Case No.: **461-5880031-703**

# PROMISSORY NOTE

**August 30, 2022**             **SPARTANBURG**             **SOUTH CAROLINA**

**443 MELBOURNE LANE, SPARTANBURG, SC 29301**

**1.   PARTIES.**

"Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Secretary" or "Lender" means **the Secretary of Housing and Urban Development** and its successors and assigns.

**2.   BORROWER'S PROMISE TO PAY**

In return for a loan received from Lender, Borrower promises to pay the principal sum of **TWENTY ONE THOUSAND NINE HUNDRED THIRTY AND 12/100** Dollars (U.S. $ **21,930.12** ), to the order of Lender.

**3.   PROMISE TO PAY SECURED**

Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

**4.   MANNER OF PAYMENT**

  **(A)      Time.**

On October 1, 2043, or, if earlier, when the first of the following events occurs:

  (i)   Borrower has paid in full all amounts due under the primary Note and related mortgage, deed of trust or similar Security Instruments insured by the Secretary, or

  (ii)   The maturity date of the primary Note has been accelerated, or

  (iii)   The primary Note and related mortgage, deed of trust or similar Security Instrument are no longer insured by the Secretary.

  **(B)      Place.**

Payment shall be made at **the Office of Housing FHA-Comptroller, Director of Mortgage Insurance Accounting and Servicing, 451 Seventh Street, SW, Washington, DC 20410** or any such other place as Lender may designate in writing by notice to Borrower.

**5.   BORROWER'S RIGHT TO PREPAY**

Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

**6.   WAIVERS**

Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

**7.   OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all of the amounts owed under this Note.



316 8320 02/20

Page 1 of 2

Loan No. **4402930344**

FHA Case No.: **461-5880031-703**

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

Date: 9|12|22

**SAMMIE LEE FISHER JR**  -Borrower



316 8320 02/20



Page 2 of 2

**After Recording Return To:**
**Rushmore Loan Management Services**
**LLC**
**ATTN: Collateral Dept.**
**8616 Freeport Parkway, Suite 100**
**Irving, TX 75063**


**This Document Prepared By:**
**TIM LIGHTFOOT**
**Rushmore Loan Management Services**
**LLC**
**8616 Freeport Parkway, Suite 100**
**Irving, TX 75063**


Parcel ID Number: **6 17-16 087.00**

_____ [Space Above This Line For Recording Data] _____

Loan No: **4402930344**
FHA Case No.: **461-5880031-703**

# PARTIAL CLAIM MORTGAGE

THIS PARTIAL CLAIM MORTGAGE ("Security Instrument") is given this **30th** day of **August, 2022**. The Mortgagor is **SAMMIE LEE FISHER JR**, whose address is **443 MELBOURNE LANE, SPARTANBURG, SC 29301** ("Borrower"). This Security Instrument is given to **the Secretary of Housing and Urban Development**, whose address is **451 Seventh Street SW, Washington, DC 20410** (herein "Lender"). Borrower owes Lender the principal sum of **TWENTY ONE THOUSAND NINE HUNDRED THIRTY AND 12/100** Dollars (U.S. **$21,930.12**). This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for the full debt, if not paid earlier, due and payable on **October 1, 2043**.

This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, with interest, advanced under Paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to Lender and Lender's successors and assigns with power of sale, the following described property located in the County of **SPARTANBURG**, State of **SOUTH CAROLINA**:

**See Exhibit "A" attached hereto and made a part hereof;**

which has the address of **443 MELBOURNE LANE, SPARTANBURG, SC 29301** ("Property Address");

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and



South Carolina Partial Claim Mortgage
316 8363 11/12



*(page 1 of 4)*

has the right to grant and convey the Property, and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

**1.    Payment of Principal.** Borrower shall pay when due the principal of the debt evidenced by the Note.

**2.    Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time of payment of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

**3.    Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the term of this Security Instrument or the Note without that Borrower's consent.

**4.    Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless Applicable Law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to: **Department of Housing and Urban Development, Attention: Single Family Notes Branch, 451 Seventh Street SW, Washington, DC 20410** or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**5.    Governing Law; Severability.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

**6.    Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

NON-UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

**7.    Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument. The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in**



South Carolina Partial Claim Mortgage
316 8363 11/12

**acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the non-existence of a default or any other defense of Borrower to acceleration and foreclosure. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this Security Instrument by judicial proceeding. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 7, including, but not limited to, reasonable attorneys' fees and costs of title evidence, all of which shall be additional sums secured by this Security Instrument.**

**If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under Paragraph 4 of the Promissory Note, the Secretary may invoke the non-judicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. 3751** *et seq.* **) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided by the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to Lender under this paragraph or applicable law.**

8.      **Release.** Upon payment of all sums secured by this Security Instrument, this Security Instrument shall become null and void. Lender shall release this Security Instrument. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

9.      **Homestead Waiver.** Borrower waives all rights of homestead exemption in the Property to the extent allowed by Applicable Law.

10.      **Waiver of Appraisal Rights.** The laws of South Carolina provide that in any real estate foreclosure proceeding a defendant against whom a personal judgment is taken or asked may within 30 days after the sale of the mortgaged property apply to the court for an order of appraisal. The statutory appraisal value as approved by the court would be substituted for the high bid and may decrease the amount of any deficiency owing in connection with the transaction. TO THE EXTENT PERMITTED BY LAW, THE UNDERSIGNED HEREBY WAIVES AND RELINQUISHES THE STATUTORY APPRAISAL RIGHTS WHICH MEANS THE HIGH BID AT THE JUDICIAL FORECLOSURE SALE WILL BE APPLIED TO THE DEBT REGARDLESS OF ANY APPRAISED VALUE OF THE MORTGAGED. PROPERTY. This waiver shall not apply so long as the Property is used as a dwelling place as defined in Sec. 12-37-250 of the South Carolina Code of Laws.

11.      **Bankruptcy Discharge.** If Borrower, subsequent to **August 30, 2022**, receives discharge in a Chapter 7 bankruptcy, and there is no valid reaffirmation agreement of the underlying debt, Lender will not attempt to re-establish any personal liability for the underlying debt.



South Carolina Partial Claim Mortgage
316 8363 11/12



*(page 3 of 4)*

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument.

_____

**SAMMIE LEE FISHER JR**  -Borrower

Date: 9/12/22

_____ -Witness
(Signature of Witness)

_____ -Witness
(Signature of Witness)

Dana Wilkinson
(Print Name of Witness)

Annette Haynie
(Print Name of Witness)

_____ [Space Below This Line For Acknowledgments] _____

State of South Carolina

County of Spartanburg

On this 12 day of September, 20 22 before me, a Notary Public personally appeared **SAMMIE LEE FISHER JR** who provided satisfactory evidence of his/her identification to be the person whose name is subscribed to this instrument, and he/she acknowledged that he/she executed the foregoing instrument.

_____
(Signature of Notary Public)

Karen Annette Haynie
(Printed Name of Notary Public)

Spartanburg County, South Carolina

My commission expires : 11/16/31

KAREN ANNETTE HAYNIE
My Commission Expires
NOTARY
PUBLIC
November 16, 2031
STATE OF SOUTH CAROLINA





South Carolina Partial Claim Mortgage
316 8363 11/12



*(page 4 of 4)*

# Exhibit "A"

Loan Number: **4402930344**

Property Address: **443 MELBOURNE LANE, SPARTANBURG, SC 29301**

Legal Description:

ALL THAT CERTAIN PIECE, PARCEL OR LOT OF LAND SITUATE, LYING AND BEING IN THE COUNTY OF SPARTANBURG IN THE STATE OF SOUTH CAROLINA BEING SHOWN AND DESIGNATED AS LOT NO. 39 ON A PLAT OF WESTGATE PLANTATION, RECORDED IN THE OFFICE OF THE REGISTER OF DEEDS FOR SPARTANBURG COUNTY, SOUTH CAROLINA IN PLAT BOOK 156 AT PAGE 455; REFERENCE TO SAID PLAT BEING HEREBY CRAVED FOR A MORE PARTICULAR METES AND BOUND DESCRIPTION THEREOF.

## Derivation Clause:

The instrument constituting the source of **SAMMIE LEE FISHER, JR**'s interest in the foregoing described Property was a Deed, from **FANNIE MAE A/K/A FEDERAL NATIONAL MORTGAGE ASSOCIATION**, Grantor, to **SAMMIE LEE FISHER, JR**, Grantee, recorded on 12/02/2013 at Book 104, Page 973 under Instrument No. 2013-55136 in the Register's Office of SPARTANBURG County, SC.



*4402930344*
316 12338 06/18 Exhibit A Legal Description Attachment



*88494+36*
Page 1 of 1

## ERRORS AND OMISSIONS/COMPLIANCE AGREEMENT

Loan Number: **4402930344**                                                                                      Date: **September 01, 2022**

Borrower(s):    **SAMMIE LEE FISHER JR**

Property Address:    **443 MELBOURNE LANE, SPARTANBURG, SC 29301**

Lender:    **Owner, U.S. Bank National Association, not in its individual capacity but solely as trustee for RMTP Trust, Series 2021 Cottage-TT-V and through Rushmore Loan Management Services LLC**

In consideration of **Owner, U.S. Bank National Association, not in its individual capacity but solely as trustee for RMTP Trust, Series 2021 Cottage-TT-V and through Rushmore Loan Management Services LLC** (the "Lender") agreeing to modify the referenced loan (the "Loan") to the Borrower, the Borrower agrees that if requested by the Lender, the Borrower will correct, or cooperate in the correction of, any clerical errors made in any document or agreement entered into in connection with the modification of the Loan, if deemed necessary or desirable in the reasonable discretion of the Lender, to enable Lender to sell, convey, seek guaranty or market the Loan to any entity, including without limitation, the Federal National Mortgage Association, the Federal Home Loan Mortgage Corporation, the Government National Mortgage Association, the Federal Housing Authority, the Department of Veterans Affairs, or any municipal bonding authority.

The Borrower agrees to comply with all such requests made by the Lender within 30 days of receipt of written request from the Lender.  Borrower agrees to assume all costs that may be incurred by the Lender, including without limitation, actual expenses, legal fees and marketing losses. Borrower's failure to comply with all such requests within such 30 day time period will result in the Lender adjusting the modified terms without the borrower's consent.

The Borrower makes this agreement in order to assure that the documents and agreements executed in connection with the modification of the Loan will conform to and be acceptable in the marketplace in the event the Loan is transferred, conveyed, guaranteed or marketed by the Lender.

Date: 9/12/02

_____
**SAMMIE LEE FISHER JR**  -Borrower



Loan No. **4402930344**

FHA Case No.: **461-5880031-703**

# PROMISSORY NOTE

**August 30, 2022**                    **SPARTANBURG**                    **SOUTH CAROLINA**

### 443 MELBOURNE LANE, SPARTANBURG, SC 29301

**1.  PARTIES.**

"Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Secretary" or "Lender" means **the Secretary of Housing and Urban Development** and its successors and assigns.

**2.  BORROWER'S PROMISE TO PAY**

In return for a loan received from Lender, Borrower promises to pay the principal sum of **TWENTY ONE THOUSAND NINE HUNDRED THIRTY AND 12/100** Dollars (U.S. **$ 21,930.12** ), to the order of Lender.

**3.  PROMISE TO PAY SECURED**

Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

**4.  MANNER OF PAYMENT**

    **(A)     Time.**

On October 1, 2043, or, if earlier, when the first of the following events occurs:

    (i)    Borrower has paid in full all amounts due under the primary Note and related mortgage, deed of trust or similar Security Instruments insured by the Secretary, or

    (ii)   The maturity date of the primary Note has been accelerated, or

    (iii)  The primary Note and related mortgage, deed of trust or similar Security Instrument are no longer insured by the Secretary.

    **(B)     Place.**

Payment shall be made at **the Office of Housing FHA-Comptroller, Director of Mortgage Insurance Accounting and Servicing, 451 Seventh Street, SW, Washington, DC 20410** or any such other place as Lender may designate in writing by notice to Borrower.

**5.  BORROWER'S RIGHT TO PREPAY**

Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

**6.  WAIVERS**

Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

**7.  OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all of the amounts owed under this Note.



316 8320 02/20



Page 1 of 2

Loan No. **4402930344**

FHA Case No.: **461-5880031-703**

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

_____     Date: 9 | 12 | 82

**SAMMIE LEE FISHER JR**  -Borrower


316 8320 02/20


Page 2 of 2